**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Smith,<br><br>          Plaintiff,<br><br>v.<br><br>Dysart Unified School District,<br><br>          Defendant. | No. CV-25-03407-PHX-JZB<br><br>**ORDER** |

Pending before the Court is Plaintiff Smith's sealed "Emergency Motion to Enforce Stay-Put Placement" (doc. 10) and Defendant Dysart Unified School District's (the "District") "Response to Emergency Motion and Motion to Dismiss" (doc. 15).[1] Plaintiff commenced this action on behalf of her child A.M., seeking injunctive relief under the Individuals with Disabilities Education Act ("IDEA") "stay-put" provision. (Doc. 1 at 5) (citing 20 U.S.C. § 1415(j)). Specifically, Plaintiff seeks a court order requiring the District to return A.M. to a PHASE[2] program from the STC[3] program A.M. currently attends. *See* (*id.*); see also (doc. 10 at 2–3.) Defendant District subsequently filed its response, seeking to dismiss this action for insufficient service of process under Rule 12(b)(5), failure to state a claim under 12(b)(6), and because the "stay-put" issue is being currently addressed by the Arizona Office of Administrative Hearings. (Doc. 15 at 1.)

---

[1] Both Parties' motions are fully briefed, and this Court has jurisdiction to handle these matters per the Parties' consent to Magistrate Judge Jurisdiction. *See* (doc. 23.)
[2] "Positive Engagement, High Expectations, Achievement, Student Centered, and Effective Communication" program. (Doc. 15 at 3.)
[3] "Structured Teaching Classroom" program. (Doc. 15 at 3.)

The Court will only address Defendant's Rule 12(b)(5) argument. The Court finds that Defendant's 12(b)(5) motion is well-taken because Plaintiff has failed to effect proper service upon the District. However, in the Court's discretion, it will treat Defendant's 12(b)(5) motion to dismiss as a motion to quash service. Then, and for the following reasons, the Court will **grant** Defendant's motion to quash service. Thereafter, Plaintiff Smith shall have until **December 22, 2025**, to effect proper service of process upon Defendant. Alternatively, Plaintiff shall have **30 days** to file an amended complaint.

**I.   Background**.

As alleged in Parties' filings, A.M. is a six-year-old with cognitive disabilities. (Doc. 10 at 71–72.) A.M. is currently a first-grade student attending Countryside Elementary School ("Countryside")—a school within the District. *See* (*id.* at 20); *see also* (doc. 15 at 3.) Previously, A.M. attended Buckeye Elementary School within the Buckeye Elementary School District. (Doc. 15 at 2.) While attending Buckeye Elementary School, an Individualized Education Program ("IEP") was implemented for A.M. on December 16, 2024. (Doc. 10 at 19.) This IEP called for A.M. to be provided "special education services and accommodations within a regular education classroom for less than 40% of the school day[,]" which translates to a LRE C program. (Doc. 15 at 2.) This is A.M.'s last implemented IEP. *See* (doc. 10 at 19.)

Plaintiff then transferred A.M. to the District in 2025, where he was scheduled to begin classes in early September. *See* (doc. 10 at 19); *see also* (doc. 15 at 2–3.) Prior to A.M.'s first day of school, the District offered A.M. "educational services at a private day school placement as commensurate placement" with his last implemented IEP. (Doc. 15 at 3.) Plaintiff Smith objected to the placement, and subsequently filed a special education due process complaint on September 2, 2025. (*Id.*) Because of the due process complaint, A.M. was originally placed in the PHASE program at Sunnyside on September 5, 2025, which is an LRE C program that matches A.M.'s last implemented IEP. *See* (doc. 10 at 19); *see also* (doc. 15 at 3.) Ten days later, District provided notice to Plaintiff Smith that A.M. would be transferred to the STC program at Sunnyside, which is another LRE C

program District provides at the school. *See* (doc. 10 at 21); *see also* (doc. 15 at 3.) Defendant District explained that this transfer "provides [A.M.] the opportunity to safely access . . . needed supports in a specialized setting . . . . [and] the team is concerned about [A.M.'s] safety due to the high magnitude behaviors experienced in the PHASE classroom." (Doc. 10 at 21.) Additionally, Defendant noted that "[t]he STC classroom better meets [A.M.]'s cognitive, academic, adaptive[,] and communication needs . . . . [and that] all supports and services will be provided as documented in the IEP dated 12/16/2024." (*Id.*)

After receiving notice of A.M.'s transfer to the STC program, Plaintiff Smith filed her Complaint on September 17, 2025. *See* (doc. 1.) It does appear that Plaintiff attempted to serve Defendant through their legal counsel. *See* (doc. 17 at 6.) Currently, there is an ongoing Arizona Office of Administrative Hearing that has not been fully resolved. (Doc. 15 at 5.) On October 1, 2025, Plaintiff filed her sealed Emergency Motion to Enforce Stay-Put Placement.[4] *See* (doc. 10).

## II. Legal Standards.

Under Rule 12(b) of the Federal Rules of Civil Procedure, a Defendant may file a motion seeking to dismiss a case for several delineated defects, such as failure to effect proper service of process. Fed. R. Civ. P. 12(b)(5). Under Rule 12(b)(5), a party may move to dismiss claims against themselves "for insufficient service of process under Rule 4." *Smoketree Holding LLC v. Apke*, No. CV-22-02123-PHX-DLR, 2023 WL 6377272, at *3 (D. Ariz. Sept. 29, 2023). Absent service of process pursuant to Rule 4, the Court does not have personal jurisdiction over the action. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). The serving party—here, Plaintiff—"bears the burden of establishing the validity of service." *Apke*, 2023 WL 6377272, at *3. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing,*

---

[4] Due to Plaintiff's emergency motion, the Court directed that the U.S.M.S. serve a service packet including the Emergency Motion, a summons, the Court's October 2, 2025 Order, and the Complaint. (Doc. 11 at 1.)

*Inc.*, 526 U.S. 344, 350 (1999). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). However, if service was not made "in substantial compliance with Rule 4," neither actual notice nor naming an opposing party in the caption of the complaint is sufficient to give the Court personal jurisdiction over the case. *Hayakawa*, 682 F.2d at 1347.

**III.     Discussion**.

Defendant District seeks dismissal of this action under Rule 12(b)(5) for insufficient service of process. (Doc. 15 at 4.) Specifically, Defendant contends that as it is a local government entity, Plaintiff had to comply with Federal Rule of Civil Procedure 4(j)(2) and Arizona Rule of Civil Procedure 4.1(h), which require service of process to be effected upon either the Governing Board or an individual designated to receive service of process. (*Id.*) Because service of the Complaint and summons was effected on the Director of Security Operations, who is not a designated to receive service of process, District asserts that this action should be dismissed for insufficient service of process. (*Id.*)

Because the District is a local government entity, service must be effected in accordance with Rule 4(j)(2). Fed. R. Civ. P. 4(j)(2). Rule 4(j)(2) notes that:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> >
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A)–(B). Arizona's rule for serving a government entity provides that:

> If a governmental entity has the legal capacity to be sued and it has not waived service under Rule 4.1(c), it may be served by delivering a copy of the summons and the pleading being served to the following individuals:
>
> \* \* \*
>
> (4) for service on any other governmental entity:

- 4 -

> (A) the individual designated by the entity, as required by statute, to receive service of process; or
>
> (B) if the entity has not designated a person to receive service of process, then the entity's chief executive officer(s), or, alternatively, its official secretary, clerk, or recording officer.

Ariz. R. Civ. P. 4.1(h)(4).

In the case at hand, service of process was effected upon Jason Yeager, the Director of Security at the District. (Doc. 15 at 4–5.) Jason Yeager is neither the District's chief executive officer nor an individual authorized by the District to receive service of process.[5] Additionally, while Defendant had actual notice of this litigation, actual notice is insufficient to give the Court jurisdiction over this action where Rule 4 has not been substantially followed. *See Hayakawa*, 682 F.2d at 1347. Because Plaintiff failed to serve either the Governing Board or its appointed representative, Rule 4 has not been substantially followed. Therefore, Defendant District has not been properly served.

In the absence of proper service of process, the Court cannot "exercise power over a party the complaint names as defendant." *Murphy Bros., Inc.*, 526 U.S. at 350. "However, in its discretion, this Court 'may treat a motion to dismiss for insufficient service of process as a motion to quash service instead.'" *Warmack v. Riveria*, No. CV-20-02298-PHX-SPL, 2021 WL 1662691, at *2 (D. Ariz. Apr. 28, 2021) (quoting *Dillard v. Red Canoe Fed. Credit Union*, No. C14-1782JLR, 2015 WL 1782083, at *3 (W.D. Wash. Apr. 17, 2015)); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) ("[T]he district court has discretion to dismiss an action or to quash service."). "Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Warmack*, 2021 WL 1662691, at *2 (quoting *Dillard*, 2015 WL 1782083, at *3).

---

[5] "Under Arizona law, the District may be served by serving the entire governing board, *Batty v. Glendale Union High Sch. Dist. No. 205*, 212 P.3d 930, 933–34 (Ariz. Ct. App. 2009), or by serving the official secretary, clerk or recording officer of the entity as established by law." *Vargas v. Snowflake Unified Sch. Dist. No. 5*, No. CV-17-08035-PCT-JAT, 2017 WL 2653056, at *1 (D. Ariz. June 20, 2017) (cleaned up).

- 5 -

The Court finds that quashing service as opposed to dismissing this action is appropriate in light of the facts. Here, Plaintiff Smith is *pro se*. Her Complaint was filed on September 17, 2025, which is only 54 days ago, which is well within the 90-day time limit provided in Rule 4. *See* Fed. R. Civ. P. 4(m). While Plaintiff did not execute proper service, she still attempted to serve Defendant. And importantly, it is clear that Defendant had actual notice of Plaintiff's action seeing as it filed a response to Plaintiff's Emergency Motion. Therefore, the Court, in its discretion, will treat Defendant's motion to dismiss pursuant to rule 12(b)(5) as a motion to quash service, and will grant the motion.[6]

## IV.   Conclusion.

For the foregoing reasons, the Court finds that Plaintiff has failed to properly serve Defendant District. Accordingly, the Court will **grant** Defendant District's Response to Emergency Motion and Motion to Dismiss (doc. 15) **in part**. First, the Court, in its discretion, will **convert** Defendant's 12(b)(5) motion to a motion to quash service. Second, the Court will **grant** Defendant's motion to quash service. Thereafter, the Court will **dismiss** the remainder of Defendant's motion **without prejudice**.

While the Court does not take a position on Defendant's Rule 12(b)(6) motion at this time, Plaintiff Smith is put on notice that her Complaint and Emergency Motion may be subject to dismissal for failure to state a claim upon which relief may be granted. Under Rule 12(b)(6), dismissal is proper where "the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Plaintiff's Complaint appears to plead insufficient facts to support a cognizable legal theory. First, the facts surrounding this case, under the United States Court of Appeals for the Ninth Circuit's precedent, necessitates an application of the traditional preliminary injunction balancing test to receive a 20 U.S.C. § 1415(j) injunction.[7] Second, based on the pleadings, it does not appear that a violation of

---

[6] For service of process as a *pro se* plaintiff proceeding *in forma pauperis*, Plaintiff is directed to review Fed. R. Civ. P. 4(c)(3).

[7] Generally, a motion to stay put acts as an "automatic preliminary injunction, meaning that the moving party need not show the traditionally required factors (*e.g.*, irreparable harm) in order to obtain preliminary relief." *Joshua A. v. Rocklin Unified Sch. Dist.*, 559 F.3d 1036, 1037 (9th Cir. 2009). However, this automatic standard only applies

20 U.S.C. § 1415(j) has occurred, because under the United States Court of Appeals for the Ninth Circuit's precedent, A.M. has not been moved from their then-current educational placement.[8]

Therefore, Plaintiff may file an amended complaint by **December 10, 2025**. If Plaintiff files an amended complaint within that period, the December 22, 2025, deadline to execute proper service of process will be vacated. Thereafter this Court will screen the

---

where the motion is brought before the *original* adjudicative body—here, the Arizona Office of Administrative Hearings—or a court hearing the due process appeal. *See N.D. ex rel. Parents Acting as Guardians ad Litem v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1112 (9th Cir. 2010) ("The preliminary injunction would order the [Department of Education] to recognize the invocation of the stay-put provisions. The alleged violation is that Hawaii is not providing the protection of the stay-put provision. The claim underlying the preliminary injunction is that the stay-put provision applies. In essence, the preliminary injunction is an injunction for an injunction.").
   Because this case amounts to "an injunction for an injunction," the traditional preliminary injunction balancing test applies. *See id.* To receive a preliminary injunction, Plaintiff must show that: "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[8] Where a parent disagrees with the contents of an IEP created for their child, that parent may challenge that IEP by requesting an administrative due process hearing. *See Marcus I. ex rel. Karen I. v. Dep't of Educ., Haw.*, 868 F. Supp. 2d 1015, 1016–17 (D. Haw. 2012), *aff'd sub nom. Marcus I. ex rel. Karen I. v. Dep't of Educ.*, 506 F. App'x 613 (9th Cir. 2013) (citing 20 U.S.C. § 1415(b)(6), (f)(1)(A)). During the pendency of a due process hearing:

> unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

20 U.S.C. § 1415(j). While the IDEA does not define 'then-current educational placement,' the United States Court of Appeals for the Ninth Circuit has "interpreted the phrase to mean the placement set forth in the child's last implemented IEP." *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 902 (9th Cir. 2009); *Johnson ex rel. Johnson v. Spec. Educ. Hearing Off., Cal.*, 287 F.3d 1176, 1180 (9th Cir. 2002) ("For the purpose of § 1415(j)'s 'stay put' provision, the current educational placement is typically the placement described in the child's most recently implemented IEP.").
   For example, in *S.S. v. Eugene Sch. Dist. 4J*, the United States Court of Appeals for the Ninth Circuit addressed a situation where a child's program was modified while the child remained in the same school after the district underwent after programmatic changes. See J.S. by and through *S.S. v. Eugene Sch. Dist. 4J*, No. 23-35522, 2024 WL 4750499, at *1 (9th Cir. Nov. 12, 2024). Although the child's program underwent modification, the school district "had no obligation to provide services in the District's [new] program []in a manner identical to the services provided in [prior] program [.]" *Id.* Because both programs satisfied the child's last implemented IEP, the change did not violate the IDEA. *Id.*

amended complaint pursuant to 28 U.S.C. § 1915(e), and if the amended complaint survives screening, it shall be served upon Defendant.

Accordingly,

**IT IS ORDERED** that this Court, in its discretion, treats the Rule 12(b)(5) portion of Defendant's Response to Emergency Motion and Motion to Dismiss (doc. 15) as a motion to quash service of process. The Court **GRANTS** the motion to quash service of process.

**IT IS FURTHER ORDERED** that because the Court cannot exercise power over Defendant absent proper service of process, the Court **DENIES** the remainder of Defendant's Response to Emergency Motion and Motion to Dismiss (doc. 15) **WITHOUT PREJUDICE**. Defendant may refile its Motion if and when proper service is achieved.

**IT IS FURTHER ORDERED** that Plaintiff must properly serve Defendant District by **DECEMBER 22, 2025**. If Defendant District is not properly served within that time period, and absent a showing of good cause, the Clerk of Court is kindly directed to **DISMISS** Defendant District. Such dismissal shall not preclude Plaintiff from filing an appeal of the Arizona Office of Administrative Hearing's decision with this Court if an adverse decision is rendered in the due process proceedings.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide Plaintiff a service packet including a copy of the Complaint (doc. 1), this Order, and both summons and request for waiver forms for Defendant.

**IT IS FURTHER ORDERED** that if Plaintiff seeks service to be executed by the USMS, Plaintiff **MUST** complete and return the service packet with the proper address for Defendant's governing board or its representative appointed to receive service of process on or before **DECEMBER 8, 2025**, to ensure prompt and proper service is made by the December 22, 2025, deadline.

**IT IS FURTHER ORDERED** that, in the alternative, Plaintiff may file an amended complaint remedying the deficiencies noted above by **DECEMBER 10, 2025**. If Plaintiff files an amended complaint within that period, the Clerk of Court is kindly

directed to vacate the December 22, 2025, deadline for proper service to be executed by. This Court will screen the amended complaint pursuant to 28 U.S.C. § 1915(e) upon receipt. If the amended complaint survives screening, it shall be served upon Defendant.

Dated this 10th day of November, 2025.

                                                Honorable John Z. Boyle
                                                United States Magistrate Judge